AMERIKA SAMOA BANK, Appellant

v.

OTTO HALECK, Appellee

High Court of American Samoa
Appellate Division

AP No. 19-85

October 21, 1987

Before REES, Chief Justice, KRUSE, Associate
Justice, O'SCANNLAIN*. Acting Associate Justice,
and TUIAFONO, Associate Judge.

Counsel: For Appellant, William Reardon
For Appellee, Roy J.D. Hall, Jr

PER CURIAM:

This is an appeal from the trial court's
refusal to grant relief from a default judgment
under T.C.R.C.P. Rule 60(b).

Appellee (hereinafter "Haleck") obtained a
judgment against Sataoa Kaleuati and later served
Appellant (hereinafter "Bank") with a writ of
garnishment and accompanying interrogatories. The
writ required the Bank to retain all funds in its
possession belonging to the judgment debtor and
either to answer the interrogatories concerning any
such funds or to appear in Court on a specified day
to provide the same information. The Bank did not
answer the interrogatories, did not appear in
Court, and allowed the judgment debtor to withdraw
funds from his account.

The Bank was then ordered to appear in Court
to show cause why judgment should not be entered
against it in the amount of $6,713.02, the full
amount of the judgment underlying the garnishment.
This was in accordance with A.S.C.A. § 43.1806(c),
which provides that a garnishee who fails to appear
in response to the writ of garnishment without
sufficient excuse is presumed to be indebted to the
defendant in the full amount of the plaintiff's
demand. The order was accompanied by a subpoena
duces tecum directed to the President of the Bank,
directing him to appear and bring various records
concerning the judgment debtor's bank accounts.
The Bank instead sent the Clerk of the High Court a
check for $17.78, the amount in the judgment
debtor's account on the day it received the order
to show cause. (At the time the bank received the
writ of garnishment there had been about $360 in

_____

* Honorable Diarmuid F. O'Scannlain, Judge,
United States Court of Appeals for the Ninth
Circuit, serving by designation of the Secretary of
the Interior.

the debtor's account.) The President of the Bank delegated the duty to appear in Court to the Vice President/Cashier, who delegated it to a clerk.

The Bank was not represented by counsel at the hearing on the order to show cause; the clerk who had been instructed to bring the records to Court did not testify and the records were not introduced into evidence. The Court granted judgment against the Bank in the full amount of Sataoa Kaleuati's debt.

Two weeks later (i.e., too late to make a motion for a new trial) the Bank filed the Rule 60(b) motion that is the subject of the present appeal. At the hearing on the Bank's motion there was only one witness, the Vice President/Cashier who had been told by the President to appear and who had sent the clerk instead. The clerk who had been present at the hearing on the Order to Show Cause was not presented as a witness at the Rule 60(b) hearing. The record on appeal therefore does not reflect what she would have said if she had been asked to testify concerning the Bank's excuse for not complying with the writ of garnishment, or even whether she knew anything at all about what that excuse was.[1]

---

[1]. The only evidence about whether the clerk was present and what she would have said if present was the following testimony of the Vice President/Cashier:

Q. Did you appear in court on May 10th?
A. I was off island.
Q. Do you know if anybody appeared in court on May 10th?
A. Yes, we had Miss Uta Ioselagi represent the bank because both of us were off island.
Q. You and Roger both?
A. Yes.
Q. Did you give her instructions as to what to do?
A. Yes.
Q. What instructions did you give her?
A. We just asked her to bring over the file with her and just explain what happened when she's going to be questioned by any of the lawyers.

The motion for relief from the judgment was denied, and the Bank appeals on the ground that the bank was "denied an opportunity to be heard" when its clerk was not called as a witness at the hearing on the order to show cause.

The Bank itself, however, chose not to be represented by counsel and not to send any of its principal officers to the hearing on the order to show cause. The clerk who did appear did not ask to testify or to make a statement on behalf of the Bank. She did bring certain records (although not, the trial court concluded, all the records that were required by the subpoena) but there is no evidence that she was competent to testify about what the Bank's excuse was for not appearing earlier. The judge clearly regarded her more as a courier than as a witness; she did nothing to dispel that impression; and the Bank put on no evidence at the hearing on its Rule 60(b) motion to suggest that the court's original conclusion was incorrect.

In order to secure relief from a judgment under Rule 60(b), a party has the burden of proving not only that there was a technical flaw in the proceedings but that the flaw had some effect on the outcome. Moreover, such relief is discretionary and a denial of a Rule 60(b) motion should only be reversed if the trial court has abused its discretion. There was no abuse of discretion here.

Finally, the Bank urges that the judgment against it is void because the record does not reflect whether notice of the garnishment proceedings was given to the original judgment debtor. We need not decide whether the Bank has standing to assert the rights of the judgment debtor, since the issue was not raised in the trial court proceedings on the Rule 60(b) motion and therefore cannot be considered on appeal.